UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **BRANDON CALLIER,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | EP-21-CV-00011-DCG |
| | § | |
| **KEEPING CAPITAL, LLC,** *a Florida Limited Liability Company d/b/a Debt Solutions*, **DAVID KING,** | § | |
| | § | |
| | § | |
| | § | |
| *Defendants*. | § | |

## MEMORANDUM ORDER

Presently pending before the Court is *pro se* Plaintiff Brandon Callier's ("Plaintiff") "Motion for Default Judgment" (ECF No. 12) ("Motion"), filed on March 31, 2021. Plaintiff brought this lawsuit against Defendants Keeping Capital, LLC d/b/a Debt Solutions and David King (collectively "Defendants") for violations of the Telephone Consumer Protection Act ("TCPA") and the Texas Business and Commerce Code § 305.053.[1] Compl. at 10–12, ECF No. 1. Although Defendants were served with a summons and complaint, to date, they have not answered Plaintiff's Complaint or otherwise appeared in this case. ECF No. 3. Plaintiff now moves the Court to enter a default judgment. For the reasons that follow, the Court **GRANTS** Plaintiff's Motion.

### I. BACKGROUND

On January 19, 2021, Plaintiff filed the instant lawsuit alleging that Defendants placed eight calls and sent five texts to him that were unrelated to an emergency purpose under the

---

[1] Plaintiff also named The Litigation Practice Group, PC and Daniel March as defendants to the above-captioned cause. However, Plaintiff moved to dismiss his claims against them after they resolved the issues between them. ECF No. 4. The Court dismissed them on February 2, 2021. ECF No. 5.

TCPA and without his consent over the course of three days. Compl. ¶ 26. Plaintiff alleges that Defendants called him for the purpose of marketing him their professional legal services, none in which Plaintiff is interested. *Id.* ¶ 27.

Plaintiff alleges that on December 15, 2020, he first received an unsolicited call on his cell phone from a spoofed caller ID number, which contained a pre-recorded message initiated by an automated telephone dialing system on behalf of Defendants, followed by a long pause before an audible tone connected Plaintiff to a representative. *Id.* ¶¶ 28–29. The representative then transferred Plaintiff to an agent named "Leonard," who solicited him for professional legal services. *Id.* ¶¶ 30–31. After Plaintiff informed him that he was in a meeting and hung up, "Leonard" called Plaintiff again that day from his cell phone number (941) 226-8808, again soliciting him for professional legal services. *Id.* ¶¶ 32–34. In addition to the original call, "Leonard" called Plaintiff a total of four times that day: (1) 3:43 p.m.; (2) 3:51 p.m.; (3) 4:24 p.m.; and (4) 4:32 p.m. On December 17, he called Plaintiff again twice: (1) 1:57 p.m. and (2) 1:58 p.m., and once on December 18 at 11:13 a.m. *Id.* ¶ 38. Plaintiff also received a total of five solicitation texts: one on December 15, another on December 17, and three on December 18. *Id.* ¶ 39.

Plaintiff alleges that Defendants placed each of these phone calls without (1) properly identifying themselves; (2) the maintenance of an internal do-not-call policy; and (3) properly training their agents or employees on the use of an internal do-not-call policy. *Id.* ¶¶ 44–45. Plaintiff further alleges that he has limited data storage capacity on his cell phone, which Defendants have willfully and knowingly dwindled using an automatic telephone dialing system without any underlying emergency justifying its use and without his consent. *Id.* ¶¶ 40–41, 43, 46–47.

After Plaintiff's complaint and summons were duly served on January 26, 2021, Defendants failed to appear by February 16, 2021, as required by law. *See* ECF No. 3. On March 23, 2021, the Clerk of the Court entered default against Defendants pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default, ECF No. 9. On March 31, 2021, Plaintiff filed the instant motion.

## II.  STANDARD

### A. Default Judgment

Federal Rule of Civil Procedure 55 governs entry of default judgment. Initially, the clerk of the court must enter default against a defendant, if the defendant fails to plead or otherwise defend and the plaintiff shows that failure by affidavit or otherwise. *See* Fed. R. Civ. P. 55(a). Thereafter, the plaintiff may move the court for a default judgment. *See* Fed. R. Civ. P. 55(b); *see also N. Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996) ("After defendant's default has been entered, plaintiff may apply for a judgment based on such default. This is a *default judgment*." (emphasis added)). The court may grant the motion only if there is "a sufficient basis in the pleading for the [default] judgment." *Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975). In addition to the complaint, the court, may consider evidence that "simply add[s] factual details [and thereby] fleshe[s] out [the plaintiff's] claim" or "serve[s] as further proof" of the plaintiff's allegations. *Wooten v. McDonald Trans. Assocs., Inc.*, 788 F.3d 490, 500 (5th Cir. 2015).

In assessing whether the complaint contains a sufficient basis for a default judgment, the court applies the standard governing the sufficiency of a complaint under Federal Rule of Civil Procedure 8. *Wooten*, 788 F.3d at 498 & n.3 ("Although most cases addressing Rule 8 arise in the context of a Rule 12(b)(6) motion to dismiss, . . . we decline to import Rule 12 standards into

the default-judgment context."). Rule 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The factual allegations in the complaint need only "be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Nishimatsu Constr. Co.*, 515 F.2d at 1206 ("A default judgment [must be] supported by well-pleaded allegations, assumed to be true."). "[D]etailed factual allegations" are not required, but the complaint must present "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Although a default judgment, which is a judgment on the merits, conclusively establishes the defendant's liability, it does not establish the amount of damages. *United States ex rel. M-CO Constr., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). The complaint's factual allegations regarding damages, even if well-pleaded, must still be proven. *See id.* Damages should not be awarded absent "a hearing or a demonstration by detailed affidavits establishing the necessary facts." *United Artists Corp.* v. *Freeman*, 605 F.2d 854, 857 (5th Cir. 1979). Rule 55(b)(2)(B) "explicitly grants the district court wide latitude" on whether to hold or to "forego an evidentiary hearing" on the issue of damages. *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see also* Fed. R. Civ. P. 55(b)(2)(B). A hearing is not necessary if "the amount claimed is a liquidated sum or one capable of mathematical calculation,"—*i.e.*, "the amount is easily computable." *Freeman*, 605 F.2d at 857; *Richardson v. Salvation Army, S. Territory, USA*, 161 F.3d 7, 7, 1998 WL 723820, at *1 (5th Cir. 1998) (*per curiam*) (unpublished).

## B. Standard for *Pro Se* Complaints and Briefs

Courts are to liberally construe the pleadings and briefs of *pro se* litigants—such as Plaintiff in this case—and apply less stringent standards to *pro se* litigants than to parties represented by counsel. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006); *Grant v. Cuellar*, 59 F.3d 523, 524 (5th Cir. 1995). Nevertheless, like any other parties, *pro se* litigants must properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, and clearly address and brief the issues. *See E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014); *Grant*, 59 F.3d at 524; *Nunez v. U.S. Postal Serv.*, 298 F. App'x 316, 319 (5th Cir. 2008).

Moreover, "the 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate" for the *pro se* party. *Weller v. Dep't of Soc. Servs. for City of Baltimore*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Barker v. Norman,* 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) ("[A] district judge . . . is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel.").

## III. DISCUSSION

By his Motion, Plaintiff requests the Court to enter default judgment in its favor and against Defendants. Plaintiff seeks statutory damages sustained as a result of the eight calls and five texts Defendants placed in violation of the TCPA and the Texas Business and Commerce Code. In support of its Motion, Plaintiff submitted an affidavit on statutory damages he himself prepared, *see* Mot. at 2–3.

A "defendant, by his default, admits the plaintiff's well-pleaded allegations of fact," but not "conclusions of law." *Nishimatsu Constr. Co.*, 515 F.2d at 1206. Accordingly, in ruling on

this Motion, where applicable, the Court will rely on well-pleaded facts in Plaintiff's Complaint—accepting them as admitted—and facts established by the affidavits and authenticated exhibits—accepting them as uncontroverted. *See Wooten*, 788 F.3d at 500.

### A. Plaintiff's Request for Default Judgment

#### 1. *47 U.S.C. § 227(b).*

Section 227(b) of the TCPA makes it unlawful for any person

> to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii). The TCPA defines "automatic telephone dialing system" as equipment with the capacity to "store or produce telephone numbers to be called, using a random or sequential number generator," and to dial such numbers. *Id.* § 227(a)(1).

Section 227(b)(3) allows a private right of action for a violation under § 227(b). To state a claim under § 227(b) for calls made to a cellular phone, a plaintiff must allege that a defendant called to a cellular or wireless phone using an automatic dialing system or an artificial or prerecorded voice without the plaintiff's prior express consent. *See id.* § 227(b)(1)(A); *see also Chambers v. Green Tree Servicing LLC*, No. 3:15-CV-1879-M-BN, 2017 WL 2693565, at *1 (N.D. Tex. June 20, 2017). The Fifth Circuit has further held that "[t]o be liable under the 'artificial or prerecorded voice' section of the TCPA . . . a defendant must make a call and an artificial or prerecorded voice must actually play." *Ybarra v. Dish Network, LLC*, 807 F.3d 635, 640 (5th Cir. 2015).

Defendants' default serves to admit that it placed eight calls and sent five texts to Plaintiff's cellular or wireless phone, Compl. ¶¶ 28, 38–39, using an automated dialing system, *id.* ¶ 29, without Plaintiff's prior express consent or for a reason other than emergency purposes,

*id.* ¶¶ 43, 46–47. Thus, the Court finds that Plaintiff's allegations "met the low threshold of content demanded by Federal Rule of Civil Procedure 8." *Cf. Wooten*, 788 F.3d at 494. Accordingly, the Court concludes that the admitted well-pleaded facts and the submitted evidence provide a sufficient basis to hold that Defendants violated § 227(b) of the TCPA. The Court therefore grants Plaintiff's request for default judgment against Defendants as to his claim under § 227(b).

### 2. 47 U.S.C. § 227(c)(5) & 47 C.F.R. § 64.1200(b).

Section 227(c)(2) of the TCPA provides that "the [Federal Communications] Commission . . . shall prescribe regulations to implement methods and procedures for protecting the privacy rights described in such paragraph in an efficient, effective, and economic manner and without the imposition of any additional charge to telephone subscribers." Some of these prescribed regulations are found in 47 C.F.R. § 64.1200(d), which provides in relevant part that:

> No person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:
>
> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list. . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long distance transmission charges.

47 C.F.R. § 64.1200(d)(1), (2), & (4).  In turn, § 227(c)(5) allows a private right of action for "a person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of the prescribed regulations.  47 U.S.C. § 227(c)(5).

Defendants' default serves to admit that they failed (1) to have a written policy, available upon demand, for maintaining a do-not-call list, Compl. ¶¶ 45, 48–49; (2) to inform and train its personnel in the existence and use of the do-not-call list, *id.* ¶ 45; and (3) to provide its identity whenever it contacted Plaintiff, *id.* ¶¶ 44–45.  Further, Plaintiff has sufficiently pleaded that he "has received more than one telephone call within any 12-month period by or on behalf of" Defendants in violation of the prescribed regulations.  *Id.* ¶¶ 28, 38–39; 47 U.S.C. § 227(c)(5).

Thus, the Court finds that Plaintiff's allegations "met the low threshold of content demanded by Federal Rule of Civil Procedure 8."  *Cf. Wooten*, 788 F.3d at 494.  Accordingly, the Court further concludes that the admitted well-pleaded facts and the submitted evidence provide a sufficient basis to hold that Defendants violated the requirements of provided in 47 C.F.R. § 64.1200(d).  The Court therefore grants Plaintiff's request for default judgment against Defendants as to his claim under § 227(c)(5).

### 3. *Texas Business and Commercial Code § 305.053.*

Under § 305.053, a "person who receives a communication that violates [the TCPA] . . . may bring an action in this state against the person who originates the communication."  Tex. Bus. & Com. § 305.053.  In other words, "if no violation of the TCPA exists, there is no violation of [§ 305.053]."  *Cherkaoui v. Santander Consumer USA, Inc.*, 32 F. Supp. 3d 811, 815 (S.D. Tex. 2014) (citing Tex. Bus. & Com. Code § 305.053; *Shields v. Americor Lending Grp., Inc.*, 01–06–00475–CV, 2007 WL 2005079 at *3 n. 8 (Tex. App. July 12, 2007); *Masters v.*

*Wells Fargo Bank S. Cent., N.A.*, A–12–CA–376–SS, 2013 WL 3713492 at *3 (W.D. Tex. July 11, 2013)).

Because the admitted well-pleaded facts and the submitted evidence provide a sufficient basis to hold that Defendants violated §§ 227(b)–(c) of the TCPA, the Court finds that Plaintiff's analogue state-law allegations "met the low threshold of content demanded by Federal Rule of Civil Procedure 8." *Cf. Wooten*, 788 F.3d at 494. Accordingly, the Court concludes that the admitted well-pleaded facts and the submitted evidence provide a sufficient basis to hold that Defendants violated Texas Business and Commercial Code § 305.053 and therefore grants Plaintiff's request for default judgment against Defendants on such claims.

### B. Plaintiff's Requested Relief – Statutory Damages

In his motion, Plaintiff asks for a total of $13,000 in damages, consisting of $500.00 per violation under both § 227(b) and § 227(c) for each the eight phone calls and five texts he received from Defendants. Mot. at 2. When a plaintiff succeeds on either a § 227(b) or a § 227(c) claim, the TCPA provides that he can recover the greater of actual damages or $500 for each violation. 47 U.S.C. § 227(b)(3)(B), (c)(5)(B).

Based on Plaintiff's Complaint and the affidavit he included in his motion, Defendants are liable for twenty-six separate violations: thirteen under § 227(b) and thirteen others under § 227(c). At $500 per violation, Plaintiff is entitled to an award of **$13,000** in statutory damages.[2]

### IV. CONCLUSION

For the foregoing reasons, the Court enters the following orders:

---

[2] The Court notes that Plaintiff's prayer for relief in his Complaint and the relief he seeks in his instant motion are substantially different. Namely, in his Complaint, in addition to statutory damages, Plaintiff also seeks *inter alia* (1) enhanced damages; (2) injunctive relief; and (3) attorney's fees and costs. Compl. at 13. As Plaintiff did not request such relief in his instant motion, the Court shall not address Plaintiff's entitlement to each of these kinds of relief.

**IT IS ORDERED** that *pro se* Plaintiff Brandon Callier's "Motion for Default Judgment" (ECF No. 12) is **GRANTED.**

**IT IS FURTHER ORDERED** that **DEFAULT JUDGMENT** is **ENTERED** in favor of *pro se* Plaintiff Brandon Callier, and against Defendants Keeping Capital, LLC d/b/a Debt Solutions and David King. Defendants Keeping Capital, LLC d/b/a Debt Solutions and David King **SHALL PAY** Plaintiff:

a. **$500** in statutory damages **for each of the thirteen** § 227(b) violations pursuant to 47 U.S.C. § 227(b)(3)(B); and

b. **$500** in statutory damages **for each of the thirteen** § 227(c) violations pursuant to 47 U.S.C. § 227(c)(5)(B).

**In total**, the Court **GRANTS** default judgment in favor of Plaintiff and against Defendants **in the amount of $13,000.00 plus costs.** Plaintiff may file a proposed bill of costs in accordance with Local Court Rule CV-54(a) within **14 days** of this Memorandum Order.

**IT IS FINALLY ORDERED** that Defendants Keeping Capital, LLC d/b/a Debt Solutions and David King **SHALL PAY** Plaintiff post-judgment interest at the rate of **0.06%**, until paid in full, to be compounded annually pursuant to the provisions of 28 U.S.C. § 1961(b).

**So ORDERED and SIGNED this 22nd day of April 2021.**

_____
**DAVID C. GUADERRAMA**
**UNITED STATES DISTRICT JUDGE**